**Juan Francisco Luna HERNANDEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–75259, 06–73938.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 25, 2008.

Anthony C. Payne, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Juan Francisco Luna Hernandez, a native and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

citizen of Mexico, petitions for review of two Board of Immigration Appeals ("BIA") orders. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and questions of law, *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006). We dismiss in part and deny in part the petition for review in No. 05–75259 and deny the petition for review in No. 06–73938.

We lack jurisdiction to review the BIA's discretionary determination that Luna Hernandez failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

We reject Luna Hernandez's contention that the BIA failed to consider all of the evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006) (petitioner must overcome presumption that the BIA reviewed the entire record to establish a due process violation).

Contrary to Luna Hernandez's contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statutory language. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003).

We are unpersuaded by Luna Hernandez's contentions that the BIA erred and violated due process by engaging in de novo review of the IJ's factual findings. *See* 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii).

Luna Hernandez has waived any challenge to the BIA's dismissal of his second administrative appeal. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

No. 05–75259: **PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

No. 06–73938: **PETITION FOR REVIEW DENIED.**